IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40019
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MOSES SMITH, JR.,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:94-CV-204
- - - - - - - - - -

August 24, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Moses Smith, Jr., contends that the district court erred in denying his § 2255 motion without considering his objections to the magistrate judge's report and recommendations and without conducting a de novo review.

The district court issued an order denying Smith's § 2255 motion, stating that "proposed findings and recommendations will

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

be considered since no objections have been received."  Smith had filed a pleading entitled "Pro Se Facts to Vacate or Correct Sentence Which Creates Manifest Injustice" prior to the district court's denial of his motion.  However, Smith's pleading did not refer to the magistrate judge's report and recommendation.  Thus, the district court did not err in stating that no objections had been filed and in denying Smith's motion without conducting a de novo review of Smith's pleading.

In his § 2255 motion, Smith contended that his prior convictions should not have been used to enhance his sentence under the U.S. Sentencing Guidelines because: (1) they were over fifteen years old; and (2) they were related due to consolidation for sentencing.  Smith challenged the enhancement of his sentence on direct appeal.  This court held "the record contains evidence of three other felony convictions, fully supporting the Armed Career Criminal enhancement imposed by the district court."  "[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motion."  United States v. Kalish, 780 F.2d 506, 508 (5th Cir.), cert. denied, 476 U.S. 1118 (1986).

To the extent that Smith is raising different challenges to the enhancement of his sentence, his claims are nonconstitutional issues that could have been raised on direct appeal.  Such claims are not cognizable under 28 U.S.C. § 2255.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).

This appeal presents no issue of arguable merit and is thus frivolous.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). The appeal is DISMISSED.  See 5th Cir. R. 42.2.